IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **CURTIS EUGENE SPARKS, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:21CV00037 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **BOBBY RUSSELL,** | ) | By: Michael F. Urbanski |
| | ) | Chief U.S. District Judge |
| Defendant. | ) | |

The plaintiff, Curtis Eugene Sparks, Jr., a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that the superintendent of the Western Virginia Regional Jail ("WVRJ") failed to take appropriate measures to prevent Sparks' exposure to COVID-19. After review of the record, the court finds that Sparks' separate motion for interlocutory injunctive relief must be denied.

In Sparks' motion, he vaguely asserts his fear that officials at WVRJ will retaliate against him for filing this lawsuit against the facility and its staff. Sparks also asserts that he should be transferred to a Virginia Department of Corrections prison facility to await trial or other resolution in this matter.

Because preliminary injunctive relief is an extraordinary remedy, the party seeking such relief must make a *clear* showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). To qualify as irreparable, the feared harm must be "neither remote nor speculative, but actual and imminent," Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969,

975 (2d Cir. 1989) (internal quotation marks and citations omitted), such that it poses a real and immediate threat, Dan River, Inc. v. Icahn, 701 F.2d 278, 283 (4th Cir. 1983).

Sparks' current pleading is built on nothing more than speculation that WVRJ officials will take adverse action against him for suing their superintendent. Sparks does not state facts to demonstrate any likelihood, however, that his litigation efforts will cause anyone to deprive him of constitutionally protected rights, or that WVRJ officials are even aware of the lawsuit. As such, Sparks' motion fails to show any likelihood of success on the merits of the claim in his motion for interlocutory injunctive relief. Moreover, well-settled law establishes that prisoners have no inherent constitutional right to placement in a particular prison. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976).

Accordingly, Sparks' motion fails to meet all four of the required showings under Winter, and the court will deny it. A separate order will be entered herewith.

ENTER: August 30, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.08.30 11:13:35 -04'00'

Michael F. Urbanski
Chief United States District Judge