IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **CURTIS EUGENE SPARKS, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:21CV00037 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **BOBBY RUSSELL,** | ) | By: Michael F. Urbanski |
| | ) | Chief U.S. District Judge |
| Defendant. | ) | |

In this civil rights action under 42 U.S.C. § 1983, alleging that a jail superintendent failed to take adequate precautions to prevent COVID-19 among inmates, the plaintiff, Curtis Eugene Sparks, Jr., renews his prior motion for interlocutory injunctive relief. It must be denied.

Sparks complains that he has been "set up" on disciplinary charges, he has lost good conduct time, and he was placed in a housing unit with an enemy inmate. When he and that inmate argued, Sparks received another disciplinary charge. He states that he "feel[s]" officials (including the defendant) have brought extra charges against him related to a 2020 probation violation, purposely placed him near an enemy, and might do so again with intent to see him physically harmed. Based on these fearful feelings, Sparks asks the court to order him transferred to another jail facility while this § 1983 case is pending.

Because preliminary injunctive relief is an extraordinary remedy, the party seeking such relief must make a *clear* showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). To qualify as irreparable, the feared harm must be "neither remote nor speculative, but actual and imminent," Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969,

975 (2d Cir. 1989) (internal quotation marks and citations omitted), such that it poses a real and immediate threat, Dan River, Inc. v. Icahn, 701 F.2d 278, 283 (4th Cir. 1983). Sparks' current pleading is built on nothing more than past events and Sparks' mere speculation that jail officials have taken adverse action against him and might do so again. Thus, he has not provided a factual basis for the extraordinary relief that he seeks. Moreover, well-settled law establishes that prisoners have no inherent constitutional right to placement in a particular prison. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976).

    For these reasons, Sparks' motion must be denied. A separate order will be entered herewith.

ENTER: September 10, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.09.10 15:28:55
-04'00'

Michael F. Urbanski
Chief United States District Judge