IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **CURTIS EUGENE SPARKS, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:21CV00037 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **BOBBY RUSSELL,** | ) | By: Michael F. Urbanski |
| | ) | Chief U.S. District Judge |
| Defendant. | ) | |

The plaintiff, Curtis Eugene Sparks, Jr., a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that the superintendent of the Western Virginia Regional Jail ("WVRJ") failed to take appropriate measures to prevent Sparks' exposure to COVID-19. After review of the record, the court finds that Sparks' third motion for interlocutory injunctive relief must be denied.

In Sparks' motion, he vaguely asserts his fear that officials at WVRJ are singling him out for cell searches and disciplinary charges. He is currently in segregated confinement, but he fears that when he is released from that status, he will be assigned to a housing area where he has enemies who may try to harm him. Finally, Sparks contends that since he has been convicted and sentenced to prison time, he should immediately be transferred to a Virginia Department of Corrections ("VDOC") prison facility.

Because preliminary injunctive relief is an extraordinary remedy, the party seeking such relief must make a *clear* showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). To qualify as irreparable, the feared harm must be "neither remote nor

speculative, but actual and imminent," Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989) (internal quotation marks and citations omitted), such that it poses a real and immediate threat, Dan River, Inc. v. Icahn, 701 F.2d 278, 283 (4th Cir. 1983).

Sparks' current motion was drafted before he could have received the court's prior opinion and order denying his second motion for interlocutory relief. The current motion, like the former, is built on speculation that Sparks may be in danger if released to another housing area at WVRJ, where he may have an enemy who might harm him. Mere feelings of fear and suspicion cannot support a claim that Sparks faces imminent, irreparable harm in the absence of court intervention. Id. Moreover, well-settled law establishes that prisoners have no inherent constitutional right to placement in a particular prison. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976). Thus, Sparks has no constitutional right to be transferred to a VDOC facility.

For the stated reasons, Sparks' motion fails to meet all four of the required showings under Winter, and the court will deny it. A separate order will be entered herewith.

ENTER: September 24, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.09.24 10:55:44 -04'00'

Michael F. Urbanski
Chief United States District Judge