IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **CURTIS EUGENE SPARKS, JR.,** | ) | |
| Plaintiff, | ) | Case No. 7:21-cv-00037 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| **BOBBY RUSSELL,** | ) | Chief United States District Judge |
| Defendant. | ) | |

### MEMORANDUM OPINION

Curtis Eugene Sparks, Jr., a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against Bobby Russell. At the time the action was filed, Russell served as the Superintendent of the Western Virginia Regional Jail ("Regional Jail"), where Sparks remains incarcerated. Russell has filed a motion to dismiss to which Sparks has responded. ECF Nos. 11 and 14. For the reasons set forth below, the motion to dismiss is **GRANTED**.

### I.   Factual Background

The following factual allegations are taken from Sparks' complaint and the accompanying affidavit. They are accepted as true for purposes of the pending motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Sparks was previously incarcerated at the Franklin County Jail, where he was one of twenty-two inmates who did not test positive for COVID-19 during an outbreak of the virus. Compl. Aff., ECF No. 1-1, at 1. He and the other non-positive inmates were transferred to the Regional Jail, where they were housed in the gym. Id. At that time, the Regional Jail did not have any positive COVID-19 cases. Id. During the intake process, Russell indicated that

Franklin County officials had paid the Regional Jail "a lot of extra money to hold [the Franklin County inmates] for a week or 2 while they cleared their jail." Id. at 2.

Over the next several days, the Regional Jail accepted inmates from the Franklin County Jail who had tested positive for COVID-19. Id. Those inmates were placed in a "program room" next to the gym. Id. Sparks observed correctional officers feed the inmates in the program room and then feed inmates in the gym without changing their gloves or aprons. Id. Soon thereafter, inmates in the gym began testing positive for COVID-19. Id.

After a two-week quarantine period, Franklin County officials "started taking the positive cases back." Id. Non-positive inmates were moved to the program room at the Regional Jail, and the remaining positive inmates were moved to the gym. Id.

Following a third week of quarantine, the remaining positive inmates from the Franklin County Jail were returned to that facility. Id. at 2. Other inmates, including Sparks, were "put in population" at the Regional Jail. Id. Sparks "could not smell or taste but did not know this was a symptom" of COVID-19. Id. He ultimately tested positive for the virus. Id.; see also Compl., ECF No. 1, at 2.

## II. Procedural History

Sparks filed this action against Russell on January 21, 2021. Sparks asserts that Russell and his staff "poorly handled the quarantine of the Franklin County inmates" and that he contracted COVID-19 despite having to "undergo severe and harsh living conditions trying to avoid [the virus]." Compl. Aff. at 3.

On April 26, 2021, Russell moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) on the basis that it fails to state a claim against him in his individual

or official capacity. Def.'s Br. Supp. Mot. Dismiss, ECF No. 12, at 3–5. In response, Sparks clarifies that the action was filed against Russell in his official capacity as the Administrator of the Regional Jail. See Br. Opp'n Mot. Dismiss, ECF No. 14, at 1 ("I the Plaintiff Curtis Eugene Sparks Jr. am filing an official capacity suit against . . . Bobby Russell.").

### III. Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While a complaint does not need "detailed factual allegations," merely offering "labels and conclusions," "naked assertion[s] devoid of further factual enhancement," or "a formulaic recitation of the elements of a cause of action will not do." Id. (alteration in original) (internal quotation marks omitted) (quoting Twombly, 550 U.S. at 555, 557).

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, a pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

## IV.  Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. A government official "can be in a § 1983 suit in three ways: in his personal capacity, his official capacity, or in a more limited way, his supervisory capacity." King, 825 F.3d at 223. In this case, Sparks seeks to hold Russell liable under § 1983 in his official capacity as the Administrator of the Regional Jail.

Whereas "[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law," Kentucky v. Graham, 473 U.S. 159, 165 (1985), "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent," Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978). In other words, "an official-capacity suit . . . is 'treated as a suit against the entity,' which must then be a 'moving force behind the deprivation.'" King, 825 F.3d at 223 (quoting Graham, 473 U.S. at 166). That is, "the entity's 'policy or custom' must have played a part in the violation of federal law." Graham, 473 U.S. at 166 (citing Monell, 436 U.S. at 690 n.55; Oklahoma City v. Tuttle, 471 U.S. 808, 817–18 (1985)).

Here, Sparks does not allege that a policy or custom of the Regional Jail was the moving force behind any constitutional violation. Nor does he "plead[] factual content that allows the court to draw the reasonable inference" that a policy or custom contributed to the deprivation of a federal right. Iqbal, 556 U.S. at 678. At most, Sparks' allegations suggest that staff members at the Regional Jail negligently failed to prevent the spread of COVID-19. Such allegations fail to state a cognizable § 1983 claim against Russell in his official capacity. See,

e.g., Spell v. McDaniel, 824 F.2d 1380, 1390 (4th Cir. 1987) (emphasizing that "mere negligence" is insufficient to support a policy-or-custom claim under Monell); Kling v. Harris Teeter Inc., 338 F. Supp. 2d 667, 676 (W.D.N.C. 2002) (explaining that "[m]ere negligence in the supervision or oversight of an officer . . . is insufficient to establish a . . . policy or custom" for which liability may be imposed under § 1983); Hightower v. Shelby Cnty. Corr. Ctr., No. 2:20-cv-02643, 2021 U.S. Dist. LEXIS 177415, at *4–5 (W.D. Tenn. Sept. 17, 2021) (holding that the plaintiff's allegations regarding the defendants' "gross negligence in their handling of the COVID-19 crisis" did not state a § 1983 claim against the county or the defendants in their official capacities). Therefore, the complaint is subject to dismissal under Rule 12(b)(6).*

## IV. Conclusion

For these reasons, Russell's motion to dismiss, ECF No. 11, is **GRANTED**. An appropriate order will be entered.

Entered: January 6, 2022

Michael F. Urbanski
Chief U.S. District Judge
2022.01.06 18:03:32
-05'00'

Michael F. Urbanski
Chief United States District Judge

---

* Sparks' response makes clear that Russell is sued in his official capacity. In any event, the court notes that the complaint also fails to state a plausible constitutional claim against Russell in his personal or supervisory capacity. In short, Sparks has not alleged sufficient facts to establish that Russell personally acted with deliberate indifference to his health or safety, or that Russell was deliberately indifferent to or tacitly authorized misconduct by subordinates that posed a risk of constitutional injury. See Thompson v. Commonwealth, 878 F.3d 89, 98 (4th Cir. 2017) ("The deliberate indifference standard generally applies to [§ 1983] cases alleging failures to safeguard the inmate's health and safety . . . ."); Grayson v. Peed, 194 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."); see also Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (setting forth the standard for supervisory liability under § 1983).

5