IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CURTIS EUGENE SPARKS, JR.,**     ) | |
|         Plaintiff,                 ) | Case No. 7:21-cv-00037 |
|                                    ) | |
| v.                                 ) | |
|                                    ) | By: Michael F. Urbanski |
| **BOBBY RUSSELL,** Western Virginia ) | Chief United States District Judge |
| Regional Jail,                     ) | |
|         Defendant.                 ) | |

### ORDER

Curtis Eugene Sparks, Jr., a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against Bobby Russell. At the time the action was filed, Sparks was incarcerated at the Western Virginia Regional Jail (the "Jail") in Salem, Virginia, where Russell served as the Superintendent. On January 7, 2022, the court dismissed the case under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF No. 39. The Clerk sent a copy of the dismissal order to the mailing address for inmates at the Jail. ECF No. 44. The mailing was returned as undeliverable on March 11, 2022. Id. In the meantime, on February 25, 2022, Sparks filed a notice of appeal in which he asserted that he had not yet received a copy of the court's dismissal order but had discovered that his case had been dismissed through independent means. ECF No. 41; see also Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule). Thereafter, on March 29, 2022, Sparks filed a motion for extension of time in which he noted that he had been transferred to Pocahontas Correctional Center. ECF No. 48.

On May 27, 2022, the United States Court of Appeals for the Fourth Circuit remanded the case to this court "to determine whether the appeal period should be reopened." Sparks

v. Russell, No. 22-6234, 2022 U.S. App. LEXIS 14663, at *2 (4th Cir. May 27, 2022). Because Sparks asserted that he had not received a copy of the dismissal order at the time he filed his notice of appeal, the Fourth Circuit "liberally construe[d] the notice of appeal as a motion to reopen the appeal period under Rule 4(a)(6) [of the Federal Rules of Appellate Procedure]." Id. The decision notes that "[t]he district court may consider this motion to reopen the appeal period in conjunction with the motion for an extension of time pending in the district court." Id. Because the motion for an extension of time was not filed within the time period allowed to request an extension under Rule 4(a)(5) of the Federal Rules of Appellate Procedure,[1] the court will also construe that motion as a motion to reopen the appeal period under Rule 4(a)(6).

Rule 4(a)(6) permits a district court to reopen the time to file an appeal if three requirements are met:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). For the following reasons, the court finds that each requirement is satisfied in this case.

---

[1] Rule 4(a)(5) permits a district court to grant a motion for extension of time to file a notice of appeal if, among other requirements, a party moves for an extension "no later than 30 days after the time prescribed by this Rule 4(a) expires." Fed. R. App. 4(a)(5). Under Rule 4(a), Sparks had 30 days from the entry of the dismissal order to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). Thus, he effectively had 60 days from the entry of the dismissal order to request an extension of time to appeal under Rule 4(a)(5).

First, the court finds that Sparks "did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry." Id. The court entered the dismissal order on January 7, 2022. Under Rule 77(d), the Clerk was required to "serve notice of the entry, as provided in Rule 5(b)," and "record the service on the docket." Fed. R. Civ. P. 77(d). Because Sparks litigated the case pro se, the Clerk provided notice of the entry of the dismissal order by mailing a copy of the order to the Jail address on record for Sparks. See Fed. R. Civ. P. 5(b)(2)(C) (permitting service by regular mail to a party's last known address). That mailing was returned as undeliverable in March 2022, more than 21 days after the order was entered. Therefore, the first requirement of Rule 4(a)(6) is satisfied.

The second requirement—timeliness—is also satisfied. Sparks filed the instant motions within 180 days after the court entered the dismissal order, and there is no evidence that Sparks ever "receive[d] notice under Federal Rule of Civil Procedure 77(d) of the order's entry," as required to trigger the alternative 14-day deadline.[2] See Fed. R. App. P. 4(a)(6)(B). Consequently, the motions were timely filed under Rule 4(a)(6).

The remaining consideration is whether Sparks or Russell "would be prejudiced" if the court reopens the time to file an appeal. Fed. R. App. P. 4(a)(6)(C). Prejudice "means some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal." Fed. R. App. P. 4(a)(6) advisory committee's note to 1991 amendment. In this case, the court has no reason to believe that reopening the time to file an appeal would

---

[2] For this reason, the court will direct the Clerk to send Sparks another copy of the memorandum opinion and order entered on January 7, 2022.

3

result in any consequences other than the cost and time involved in litigating the appeal. Because such consequences are present in every appeal, the court finds that neither party would be prejudiced by the reopening of the appeal period. Id.

For these reasons, the court finds that all three requirements set forth in Rule 4(a)(6) are satisfied. Accordingly, Sparks's motions to reopen the time to file an appeal, ECF Nos. 41 and 48, are **GRANTED**, and his notice of appeal is **DEEMED TIMELY FILED**.

The Clerk is directed to send a copy of this order to Sparks, counsel of record for Russell, and the United States Court of Appeals for the Fourth Circuit. The Clerk is further directed to send Sparks a copy of the memorandum opinion and order entered on January 7, 2022.

It is so **ORDERED**.

Entered: June 3, 2022

Digitally signed by Michael F. Urbanski Chief U.S. District Judge
Date: 2022.06.03 13:38:20 -04'00'

Michael F. Urbanski
Chief United States District Judge